her backwards and tried to push her inside the vehicle. Defendant was charged and convicted of domestic violence and attempted unlawful imprisonment based on the predicate felony of aggravated stalking, and acquitted on the charge of aggravated stalking.

Although I would uphold the domestic violence conviction, because I believe it was *legally impossible* for defendant to have been convicted of the predicate felony, I would grant leave to appeal regarding the attempted unlawful imprisonment conviction, which requires that a person knowingly restrain a victim in order "to facilitate the commission of another felony." MCL 750.349b(1)(c). The predicate felony charged here, aggravated stalking, requires a "pattern of conduct composed of a series of 2 or more separate noncontinuous [and unconsented-to] acts[.]" MCL 750.411i(1)(a).

All parties agree that defendant engaged in an unconsented-to act. However, the parties also agree that this was defendant's *only* "unconsented-to act," which, it would seem, *cannot* amount to aggravated stalking. Thus, it is unclear how defendant could have been convicted of attempting to commit unlawful imprisonment in the absence of the underlying felony. Contrary to *People v Thousand*, 465 Mich 149 (2001), I believe that the instant case involves a legal, rather than a factual, impossibility, and that these concepts may have been mistakenly equated by the trial court.

HATHAWAY, J. (*not participating*). To avoid unnecessary delay to the parties in cases considered by this Court before I assumed office, I follow the practice of previous justices in transition and participate only in cases that need my vote to achieve a majority for a decision.

*Leave to Appeal Dismissed January 16, 2009:*

ANDERSON V AUTO CLUB INSURANCE ASSOCIATION, Nos. 137736, 137738, and 137740. On order of the Chief Justice, a stipulation signed by counsel for the parties agreeing to the dismissal of this application for leave to appeal is considered, and the application for leave to appeal is dismissed with prejudice and without costs. Court of Appeals Nos. 289006, 289007, and 289047.

HATHAWAY, J. (*not participating*). To avoid unnecessary delay to the parties in cases considered by this Court before I assumed office, I follow the practice of previous justices in transition and participate only in cases that need my vote to achieve a majority for a decision.

*Leave to Appeal Granted January 21, 2009:*

PEOPLE V MCGRAW, No. 132876. By order of October 31, 2007, the application for leave to appeal the November 16, 2006, judgment of the Court of Appeals was held in abeyance pending the decision in *People v Sargent* (Docket No. 133474). On order of the Court, the case having been decided on June 18, 2008, 481 Mich 346 (2008), the application is again considered, and it is granted. The parties shall include among the issues to be briefed: (1) whether, absent an express indication to the contrary, the offense variables of the statutory sentencing guidelines, MCL 777.1 *et*